[Filed October 25, 1886.]

## AMASA MOORE *v.* LEVI KNOTT ET AL.

PARTNERSHIP—EVIDENCE—BOOKS OF ACCOUNT.—In an action on accounts due from a partnership, upon a defense setting up that the plaintiff and his assignors had agreed with the defendants, that the amounts due from the latter should be transferred to and credited upon the account of one of said partners, and that such transfer and credit had been made accordingly; the partnership books are admissible in evidence to show that such agreement has been performed.

MULTNOMAH COUNTY.    Defendant Levi Knott appeals. Reversed, and new trial ordered.

*H. T. Bingham*, for Appellant.

*H. Y. Thompson*, for Respondent.

LORD, C. J.—It will be sufficient for the purposes of this case to state, that the defendants Anthony Moore and Levi Estes and appellant Levi Knott were partners, engaged in the business of manufacturing and selling lumber. Amasa Moore, ·Alexander Moore and Albert Moore were employed to work for the firm. For value, Alexander and Albert assigned their claim for wages to the plaintiff and respondent, who brings this action for his own and the assigned sums due. The defendants answer, " that on or about the 13th day of March 1883, each of said parties, viz, this plaintiff, Alexander Moore and Albert Moore agreed and directed that any balance to be due each of them should be transferred to and credited to the account of their brother, Anthony Moore, one of the members of said partnership and a co-defendant herein; and said Anthony Moore assented and agreed thereto ; and such credit and transfer was accordingly made, and that said Anthony Moore was duly credited upon the books and accounts of the said partnership with whatever amounts were due the said parties; and that this partnership is now obligated to pay the said Anthony whatever balances there were due the said Amasa, Alexander and Albert Moore. This was denied in the reply. On the trial, Levi Knott testified that at the time of the sale of

the mill by the defendants, he, witness, asked Amasa Moore, the plaintiff, and Alexander Moore, what amount the firm owed them on account of wages; what was to be done about their wages; and that they replied that was all right, their accounts were put into Anthony Moore's account. The defendants then followed up this evidence by offering the books of account of the partnership business, and the accounts of the plaintiff and his assignors therein; but the court ruled that the books were inadmissible. The objection which was made to them is not stated in the bill of exceptions. We think, under the issue made by the pleadings, this ruling was error. The agreement, as alleged, required that the accounts of the plaintiff and his assignors in the partnership books should be transferred to the account of Anthony Moore, therein. The contract directed this to be done. This made the books, necessarily, evidence of whether the defendants had kept their promise, and transferred the accounts of the plaintiff and his assignors according to their engagement. Now, after the defendants had introduced evidence tending to establish the agreement, the books were offered to show that the accounts of the plaintiff and his assignors had been transferred, according to the direction of the agreement. The performance of this part of the contract could only be shown by the books—it made them a link in the chain of facts, necessary to be established by the defendants by the terms of the agreement. In _Ross_ v. _Brusie_, 11 Pac. R. 760, it was held that a book of account is admissible in evidence to prove that defendant had performed his contract and given plaintiff the credit promised him. The facts of that case show that on the trial the defendant was permitted, against the plaintiff's objection, to prove by the introduction in evidence of certain books of account, that defendant had carried into the books a credit of $250, to the account of plaintiff. The court says:

"The evidence was that the defendant agreed to give the plaintiff credit on his account for the sum of $250.00 in payment for said lot; and in order to prove that he had kept his contract, and given the plaintiff the credit in question, he was

permitted to prove the fact by his own books. This was not the case of a party making evidence for himself, as claimed by plaintiff. The books were not offered for the purpose of establishing a claim against the plaintiff, but simply to show that the defendant had performed his contract and given plaintiff the credit he had promised him. Defendant promised to give plaintiff credit for $250.00. That was his contract. To prove that he had done this, he was allowed to introduce in evidence the book where the credit was entered. We see no objection to this. It was like proving any other act defendant had promised to perform as a condition on which his right to maintain or defend the suit depended."

It is due, however, to the learned counsel for the plaintiff to say that he did not deny that the books were proper and material evidence, but he sought to avoid the error complained of on the ground that there was nothing in the bill of exceptions to show that the books offered in evidence had been identified as, or were the firm books of, the defendants; and as the objection to the books is not stated in the bill of exceptions, that the court will not assume anything for the purpose of declaring error, if there is any ground upon which it would appear from the record to be proper to exclude the books. But we think the bill of exceptions identifies the books offered in evidence as the firm books of the defendants, beyond all controversy. It is written in them that they were such. The judgment must be reversed and a new trial ordered.